FILED by _____ YH _____ D.C.

**Aug 11, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **20-20185-CR-WILLIAMS/TORRES**

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1346
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i) and (ii)
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 371
26 U.S.C. § 7206(2)
26 U.S.C. § 7206(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

MARIO RENE DE LA TORRE,
     a/k/a "Mario R. Delatorre,"
YUMET DE LA TORRE, and
JOE LEWIS MCHOMES,
     a/k/a "Joe McHomes,"

                    Defendants.
_____/

**INFORMATION**

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At various times material to this Information:

1.      Summit Aerospace, Inc. ("Summit Aerospace") was a Florida corporation, having

its principal place of business in Miami, Florida.

2.      Al-Raha Group for Technical Services, a/k/a "Al-Raha Group for Technical

Services (Inc.)" ("RGTS") was a company having its principal place of business in Riyadh, in the Kingdom of Saudi Arabia.

3.      RGTS was the prime contractor to Foreign Military Sales ("FMS") contracts with the United States Air Force ("USAF"), for the repair and return of aircraft components and parts (the "FMS contracts").  Summit Aerospace served as a subcontractor and repair source for RGTS, under the FMS contracts.

### Defendants

4.      Defendant **MARIO RENE DE LA TORRE, a/k/a "Mario R. Delatorre," ("MARIO DE LA TORRE" or "MARIO")** was an individual who resided in Miami-Dade County.  **MARIO DE LA TORRE** served as the Vice President of Sales and Marketing, and the Senior Vice President of Sales and Marketing of Summit Aerospace.

5.      Defendant **YUMET DE LA TORRE (or "YUMET")** was an individual who resided in Miami-Dade County.  **YUMET DE LA TORRE** served as the Controller of Summit Aerospace.

6.      Defendant **JOE LEWIS MCHOMES, a/k/a "Joe McHomes," ("JOE MCHOMES" or "MCHOMES")** was an individual who resided in the State of Georgia.  **MCHOMES** purported to carry on business as a marketing representative for Summit Aerospace under the names J-CONN Solutions, J-CONN Management Solutions, and J-CONN.

### Financial Institutions

7.      50 Shades, Inc., doing business as Kevin's Check Casher, Kevin's Check Cashing, and Mr. Kevin's Check Cashing ("Kevin's Check Cashing"), was a Georgia corporation, with its principal office and place of business in Macon, Georgia.

8.      Discount Check Casher of Georgia, LLC, doing business as Discount Check Casher

of Macon, and Macon Check Casher ("Macon Check Casher"), was a Georgia limited liability company, with its principal office in Savannah, Georgia, and a place of business in Macon, Georgia.

9.      Kevin's Check Cashing, and Macon Check Casher, carried on business as cashiers and redeemers of checks, and similar instruments.  Accordingly, Kevin's Check Cashing, and Macon Check Casher, were "financial institutions" as defined in Title 31, United States Code, Section 5312(a)(2)(K), and Title 18, United States Code, Section 1956(c)(6)(A).

10.     Bank of America, N.A. ("Bank of America"), and Wells Fargo Bank, N.A. ("Wells Fargo Bank"), were banks whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC") in accordance with Chapter 16, Title 12, United States Code, and were "insured banks" as defined in Title 12, United States Code, Section 1813(h).  Accordingly, Bank of America, and Wells Fargo Bank, were "financial institutions" as defined in Title 31, United States Code, Section 5312(a)(2)(A), and Title 18, United States Code, Section 1956(c)(6)(A).

**Internal Revenue Service**

11.    The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and collecting taxes owed to the United States.

**COUNT 1**
**CONSPIRACY TO COMMIT MAIL FRAUD AND WIRE FRAUD**
**(18 U.S.C. § 1349)**

1.      Paragraphs 1 to 10 of the General Allegations section of this Information are re-alleged and fully incorporated herein by reference.

2.      From on or about April 22, 2008, and continuing through in or around October 2018, the exact dates being unknown to the United States Attorney, in Miami-Dade County, in the

3

Southern District of Florida, and elsewhere, the defendants,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre,"**
**YUMET DE LA TORRE, and**
**JOE LEWIS MCHOMES,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other:

(a)    to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, including to deprive another, that is Summit Aerospace, of the intangible right of the honest services of **MARIO DE LA TORRE** and **YUMET DE LA TORRE**, through the use of kickbacks and bribes, and the concealment of material information, when the defendants foresaw and reasonably should have foreseen that Summit Aerospace might suffer economic harm as a result of the scheme, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, knowingly deposit, and cause to be deposited any matter or thing whatever to be sent and delivered by any private and commercial interstate carrier, knowingly cause to be delivered by such carrier according to the direction thereon any such matter or thing, and knowingly take and receive therefrom any such matter or thing, in violation of Title 18, United States Code, Sections 1341 and 1346; and

(b)    to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, including to deprive another, that is Summit Aerospace, of the intangible right of the honest services of **MARIO DE LA TORRE** and **YUMET DE LA TORRE**, through the use of kickbacks and bribes, and the concealment of material information, when the defendants foresaw and reasonably should have foreseen that Summit Aerospace might suffer economic harm

4

as a result of the scheme, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 1346.

### PURPOSE OF THE CONSPIRACY

3.      The purpose of the conspiracy was to unjustly enrich the defendants by inducing Summit Aerospace to send money and property to **JOE MCHOMES** doing business as J-CONN Solutions, so that **MCHOMES** could pay undisclosed kickbacks to **MARIO DE LA TORRE**, for the use and benefit of **MARIO** and **YUMET DE LA TORRE**; and to thereby deprive Summit Aerospace of the honest services of its employees, **MARIO** and **YUMET DE LA TORRE**.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means of the conspiracy included, but were not limited to, the following:

4.      **MARIO DE LA TORRE** and **JOE MCHOMES** made representations to Summit Aerospace that **MCHOMES** had secured contracts, agreements, and purchase orders for Summit Aerospace under RGTS's FMS contracts with the United States Air Force.  Typically, the Summit Aerospace and RGTS contracts, agreements, and purchase orders required that Summit Aerospace repair and return aircraft components and parts that RGTS would ship to Summit Aerospace's repair shop in Miami, Florida.

5.      **MARIO DE LA TORRE** created invoices purportedly issued by J-CONN Solutions to Summit Aerospace, for marketing commission fees that **MCHOMES** had purportedly earned by securing repair and return work from RGTS (the "J-CONN Solutions invoices").  In

many, if not most instances, **MARIO DE LA TORRE** determined that the amount of each J-CONN Solutions invoice was approximately ten percent of a specific invoice or group of invoices that Summit Aerospace presented to RGTS, for repair and return work. Further, **MARIO** determined that each of the J-CONN Solutions invoices was for an amount under $10,000. **MARIO** submitted the J-CONN Solutions invoices to Summit Aerospace for payment.

6. **YUMET DE LA TORRE** arranged for Summit Aerospace to pay J-CONN Solutions invoices. Among other things, **YUMET** signed checks payable to J-CONN Solutions, drawn on Summit Aerospace's U.S. Century Bank account number ending in 1810, and its Florida Community Bank account number ending in 0300 (the "Summit Aerospace checks").

7. **JOE MCHOMES** and **MARIO DE LA TORRE** used, and caused Summit Aerospace to use, wire communications in interstate commerce, including electronic mail, to cause and coordinate the creation, submission, and payment of J-CONN Solutions invoices, and the delivery of Summit Aerospace checks to **MCHOMES's** address in Georgia.

8. The defendants used, and caused Summit Aerospace to use, a private and commercial interstate carrier, that is FedEx, to send Summit Aerospace checks from Summit Aerospace's office in Miami, Florida, to **JOE MCHOMES's** address in Georgia.

9. **JOE MCHOMES** cashed Summit Aerospace checks at check cashers in Georgia, including Kevin's Check Cashing and Macon Check Casher. In most instances, **MCHOMES** structured his cashing of Summit Aerospace checks, so that the check or checks he cashed on one day had a total value of less than $10,000. **MCHOMES** deposited cash proceeds from Summit Aerospace checks in **MARIO DE LA TORRE's** Bank of America account number ending in 8988 ("account no. 8988"). In most instances, **JOE MCHOMES** structured his deposits to account no. 8988, so that he deposited less than $10,000 in cash on any one day.

10.     During the period commencing on or about February 16, 2011, and continuing through on or about October 26, 2015, **JOE MCHOMES** deposited approximately $612,662 in cash proceeds from Summit Aerospace checks in **MARIO DE LA TORRE's** account no. 8988. These deposits were kickbacks and bribes.  The defendants did not disclose to, and concealed from Summit Aerospace, the fact that **MCHOMES** would kickback proceeds from Summit Aerospace checks to **MARIO DE LA TORRE**.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-6**
**Mail Fraud**
**(18 U.S.C. § 1341)**

1.     Paragraphs 1 to 10 of the General Allegations section of this Information are re-alleged and fully incorporated herein by reference.

2.     From on or about April 22, 2008, and continuing through in or around October 2018, the exact dates being unknown to the United States Attorney, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre,"**
**YUMET DE LA TORRE, and**
**JOE LEWIS MCHOMES,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, including to deprive another, that is Summit Aerospace, of the intangible right of the honest services of **MARIO DE LA TORRE** and **YUMET DE LA TORRE**, through the use of kickbacks and bribes, and the concealment of material information, when the defendants foresaw and reasonably should have foreseen that Summit Aerospace might suffer economic harm as a result of the scheme, and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and

7

promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did knowingly deposit, and cause to be deposited any matter or thing whatever to be sent or delivered by any private and commercial interstate carrier, did knowingly cause to be delivered by such carrier according to the direction thereon, any such matter or thing, and did knowingly take and receive therefrom any such matter or thing.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      The purpose of the scheme and artifice was to unjustly enrich the defendants by inducing Summit Aerospace to send money and property to **JOE MCHOMES** doing business as J-CONN Solutions, so that **MCHOMES** could pay undisclosed kickbacks to **MARIO DE LA TORRE**, for the use and benefit of **MARIO** and **YUMET DE LA TORRE**; and to thereby deprive Summit Aerospace of the honest services of its employees, **MARIO** and **YUMET DE LA TORRE**.

## THE SCHEME AND ARTIFICE

4.      Paragraphs 4 to 10 of the Manner and Means section of Count 1 of this Information are re-alleged and fully incorporated herein by reference.

## USE OF PRIVATE AND COMMERCIAL INTERSTATE CARRIER

5.      On or about the dates specified below, in the Southern District of Florida, and elsewhere, for the purpose of executing and in furtherance of the aforesaid scheme and artifice, the defendants did knowingly deposit, and caused to be deposited, in Miami, Florida, the packages specified below, which contained Summit Aerospace checks payable to J-CONN SOLUTIONS, to be delivered by private and commercial interstate carrier, that is FedEx, to **JOE MCHOMES's** address in Georgia, did knowingly cause the said packages to be delivered by FedEx according to the directions thereon, and did knowingly take and receive from FedEx the said packages:

| COUNT | APPROX. DATES OF SHIPMENT | FEDEX PACKAGE TRACKING NUMBER | SUMMIT AEROSPACE CHECK NUMBERS |
|---|---|---|---|
| 2 | 8/12-13/2015 | 7742 6759 5180 | 057001, 057002 |
| 3 | 10/22-23/2015 | 7747 9886 7700 | 060298, 060299, 060300, 060301 |
| 4 | 2/4-5/2016 | 7755 7659 6186 | 061808, 061809, 061810, 061811 |
| 5 | 2/1-2/2017 | 7783 2880 6269 | 066295, 066296, 066297 |
| 6 | 5/15-16/2018 | 7722 3729 1387 | 072106, 072107, 072108 |

In violation of Title 18, United States Code, Sections 1341, 1346, and 2.

<u>COUNTS 7-11</u>
**Wire Fraud**
**(18 U.S.C. § 1343)**

1.    Paragraphs 1 to 10 of the General Allegations section of this Information are re-alleged and fully incorporated herein by reference.

2.    From on or about April 22, 2008, and continuing through in or around October 2018, the exact dates being unknown to the United States Attorney, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre,"**
**YUMET DE LA TORRE, and**
**JOE LEWIS MCHOMES,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, including to deprive another, that is Summit Aerospace, of the intangible right of the honest services of **MARIO DE LA TORRE** and **YUMET DE LA TORRE**, through the use of kickbacks and bribes, and the concealment of material information, when the defendants foresaw and reasonably should have foreseen that Summit Aerospace might suffer economic harm as a result of the scheme, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and

artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      The purpose of the scheme and artifice was to unjustly enrich the defendants by inducing Summit Aerospace to send money and property to **JOE MCHOMES** doing business as J-CONN Solutions, so that **MCHOMES** could pay undisclosed kickbacks to **MARIO DE LA TORRE**, for the use and benefit of **MARIO** and **YUMET DE LA TORRE**; and to thereby deprive Summit Aerospace of the honest services of its employees, **MARIO** and **YUMET DE LA TORRE**.

### THE SCHEME AND ARTIFICE

4.      Paragraphs 4 to 10 of the Manner and Means section of Count 1 of this Information are re-alleged and fully incorporated herein by reference.

### USE OF WIRES

5.      On or about the dates below, in the Southern District of Florida, and elsewhere, for the purpose of executing and in furtherance of the aforesaid scheme and artifice, the defendants did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, as specified below:

| COUNT | APPROX. DATE OF WIRE | DESCRIPTION OF WIRE TRANSMISSION |
|---|---|---|
| 7 | 8/12/2015 | Email from Summit Aerospace in Miami, Florida, to **Joe McHomes**, in Georgia, regarding JCONN 8/12. |
| 8 | 10/22/2015 | Email from **Mario De La Torre** at Summit Aerospace in Miami, Florida, to **Joe McHomes**, in Georgia, regarding Increased Repairs. |
| 9 | 2/4/2016 | Email from Summit Aerospace in Miami, Florida, to **Joe McHomes**, in Georgia, regarding J-CONN AWB-2/4. |

| COUNT | APPROX. DATE OF WIRE | DESCRIPTION OF WIRE TRANSMISSION |
|-------|----------------------|----------------------------------|
| 10 | 2/1/2017 | Email from Summit Aerospace in Miami, Florida, to **Joe McHomes**, in Georgia, regarding J-CONN SOLUTIONS–2/1. |
| 11 | 5/15/2018 | Email from Summit Aerospace in Miami, Florida, to **Joe McHomes**, in Georgia, regarding JCONN – 5/15. |

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT 12
### Conspiracy to Commit Money Laundering Offenses
### (18 U.S.C. § 1956(h))

1.      Paragraphs 1 to 10 of the General Allegations section of this Information are re-alleged and fully incorporated herein by reference.

2.      From on or about April 22, 2008, and continuing through in or around October 2018, the exact dates being unknown to the United States Attorney, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre,"**
**YUMET DE LA TORRE, and**
**JOE LEWIS MCHOMES,**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with other persons known and unknown to the United States Attorney, to commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, that is:

(a)      to knowingly conduct a financial transaction affecting interstate and foreign commerce, and involving the use of a financial institution the activities of which affected interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such financial transaction was designed in whole and

11

in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b)     to knowingly conduct a financial transaction affecting interstate and foreign commerce, and involving the use of a financial institution the activities of which affected interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such financial transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c)     to knowingly engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property having a value of more than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the monetary transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 13
**Money Laundering**
**(18 U.S.C. § 1957)**

1.     Paragraphs 1 to 10 of the General Allegations section of this Information are re-alleged and fully incorporated herein by reference.

2.     On or about February 5, 2016, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendant,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre,"**

did knowingly engage in and attempt to engage in a monetary transaction affecting interstate

commerce, by, through, and to a financial institution, in criminally derived property having a value

of more than $10,000, such property having been derived from a specified unlawful activity, and

knowing that the property involved in the monetary transaction represented the proceeds of some

form of unlawful activity; in particular: the wire-transfer of approximately $179,017.07 from a

Wells Fargo Bank account ending in 6796, in Miami-Dade County, to a CNLBank account ending

in 3817, in Miami-Dade County, for the purchase of 3878 S.W. 152 Court, Miami, Florida 33185.

It is further alleged that the specified unlawful activity is mail fraud, in violation of Title

18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code

Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

**COUNT 14**
**Conspiracy to Defraud the United States**
**(18 U.S.C. § 371)**

1.      Paragraphs 1 to 11 of the General Allegations section of this Information are re-

alleged and fully incorporated herein by reference.

2.      From on as early as on or about May 4, 2012, and continuing through on or about

July 27, 2016, the exact dates being unknown to the United States Attorney, in Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre," and**
**YUMET DE LA TORRE,**

did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and

agree with each other to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the Internal Revenue Service of the Treasury Department of the United States in the ascertainment, computation, assessment, and collection of the revenue, that is, federal income taxes.

## PURPOSE AND OBJECT OF THE CONSPIRACY

3.     It was the purpose of the conspiracy, among others, for the defendants to unlawfully enrich themselves by engaging in a fraudulent scheme to evade the ascertainment, computation, assessment, and collection of federal income taxes.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means of the conspiracy included, but were not limited to, the following:

4.     **MARIO DE LA TORRE** created invoices purportedly issued by J-CONN Solutions to Summit Aerospace for marketing commission fees that **JOE MCHOMES** had purportedly earned by securing repair and return work from RGTS (the "J-CONN Solutions invoices"). In many, if not most instances, **MARIO DE LA TORRE** determined that the amount of each J-CONN Solutions invoice was approximately ten percent of a specific invoice or group of invoices that Summit Aerospace presented to RGTS, for repair and return work. Further, **MARIO** determined that each of the J-CONN Solutions invoices was for an amount under $10,000. **MARIO** submitted the J-CONN Solutions invoices to Summit Aerospace for payment.

5.     **YUMET DE LA TORRE** arranged for Summit Aerospace to pay J-CONN Solutions invoices. Among other things, **YUMET** signed checks payable to J-CONN Solutions, which were drawn on Summit Aerospace's U.S. Century Bank account number ending in 1810, and its Florida Community Bank account number ending 0300 (the "Summit Aerospace checks").

6.     **JOE MCHOMES** cashed Summit Aerospace checks and deposited a portion of

14

the cash proceeds from the Summit Aerospace checks in **MARIO DE LA TORRE's** Bank of America account number ending in 8988 ("account no. 8988"). In particular, **MCHOMES** deposited approximately the following amounts of cash in **MARIO's** account no. 8988, in the tax years 2011, 2012, 2013, 2014, and 2015:

| Tax Year | Approximate Cash Deposits to Account No. 8988 |
|---|---|
| 2011 | $68,756 |
| 2012 | $136,068 |
| 2013 | $132,673 |
| 2014 | $124,125 |
| 2015 | $151,040 |

7. **MARIO DE LA TORRE** and **YUMET DE LA TORRE** failed to disclose the cash that was deposited in account no. 8988, to the preparer of their federal income tax returns.

8. **MARIO DE LA TORRE** and **YUMET DE LA TORRE** knowingly filed false and fraudulent federal income tax returns that did not disclose as income the cash that **JOE MCHOMES** deposited in **MARIO's** Bank of America account no. 8988.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, at least one of the conspirators committed and caused to be committed at least one of the following overt acts, among others, in the Southern District of Florida, and elsewhere:

9. On or about May 4, 2012, **MARIO DE LA TORRE** and **YUMET DE LA TORRE** filed with the IRS a false joint United States Individual Tax Return, IRS Form 1040, for the tax year 2011, which failed to report approximately $68,756 in income.

10. On or about September 15, 2013, **MARIO DE LA TORRE** and **YUMET DE LA TORRE** filed with the IRS a false joint United States Individual Tax Return, IRS Form 1040, for the tax year 2012, which failed to report approximately $136,068 in income.

11. On or about April 15, 2014, **MARIO DE LA TORRE** and **YUMET DE LA**

**TORRE** signed an IRS Form 8879, e-file Signature Authorization, which authorized their tax return preparer to enter or generate their respective PINs, as their signatures on their 2013 electronically-filed federal income tax return.

12.     On or about April 15, 2014, **MARIO DE LA TORRE** and **YUMET DE LA TORRE** filed with the IRS a false joint United States Individual Tax Return, IRS Form 1040, for the tax year 2013, which failed to report approximately $132,673 in income.

13.     On or about September 9, 2015, **MARIO DE LA TORRE** and **YUMET DE LA TORRE** filed with the IRS a false joint United States Individual Tax Return, IRS Form 1040, for the tax year 2014, which failed to report approximately $124,125 in income.

14.     On or about October 22, 2015, **YUMET DE LA TORRE** signed Summit Aerospace check numbers 060298, 060299, 060300, and 060301 payable to J-CONN Solutions.

15.     On or about July 27, 2016, **MARIO DE LA TORRE** and **YUMET DE LA TORRE** filed with the IRS a false joint United States Individual Tax Return, IRS Form 1040, for the tax year 2015, which failed to report approximately $151,040 in income.

All in violation of Title 18, United States Code, Section 371.

<u>**COUNT 15**</u>
**Aiding and Abetting the Filing of a False Tax Return**
**(26 U.S.C. § 7206(2))**

On or about September 9, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIO RENE DE LA TORRE,**
**a/k/a "Mario R. Delatorre," and**
**YUMET DE LA TORRE,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS, of a joint United States Individual Income Tax Return, IRS Form 1040, for the tax year

2014, which was false in that it represented on line 22 that the defendants' total joint income was $255,256, whereas, as the defendants then and there well knew, their total joint income was substantially greater that the reported amount.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 16
### Making and Subscribing a False Tax Return
### (26 U.S.C. § 7206(1))

On or about July 27, 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### MARIO RENE DE LA TORRE,
### a/k/a "Mario R. Delatorre," and
### YUMET DE LA TORRE,

did willfully make and subscribe a joint United States Individual Income Tax Return, IRS Form 1040, for the tax year 2015, which was verified by a written declaration that it was made under the penalties of perjury, and filed with the IRS, which the defendants did not believe to be true and correct as to every material matter, in that line 22 of the tax return reported the defendants' total joint income was $239,604, whereas, as the defendants then and there well knew and believed, their joint total income was substantially greater than the stated amount.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C))
### (18 U.S.C. § 982(a)(1))
### (21 U.S.C. § 853)

1.      The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for alleging criminal forfeiture to the United States of America of certain property in which the defendants, **MARIO RENE DE LA TORRE, a/k/a "Mario R. Delatorre," YUMET DE LA TORRE,** and **JOE LEWIS MCHOMES, a/k/a "Joe McHomes,"** have an

17

interest.

2.     Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 1341 and/or 1343, as alleged in this Information, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3.     Upon conviction of a violation of Title 18, United States Code, Section 1956 and/or 1957, as alleged in this Information, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

All pursuant to Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).


ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY


DWAYNE EDWARD WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MARIO RENE DE LA TORRE, et al.,

_____
Defendants.            /

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)              Yes _____  No _____
Number of new defendants      _____
Total number of counts        _____

Court Division: (Select One)

✓ Miami    ___ Key West
___ FTL    ___ WPB    ___ FTP

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     No
    List language and/or dialect     _____

4.  This case will take __8__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)

    | | | | | | | |
    |---|---|---|---|---|---|---|
    | I | 0 to 5 days | _____ | | Petty | _____ | |
    | II | 6 to 10 days | ✓ | | Minor | _____ | |
    | III | 11 to 20 days | _____ | | Misdem. | _____ | |
    | IV | 21 to 60 days | _____ | | Felony | ✓ | |
    | V | 61 days and over | _____ | | | | |

6.  Has this case previously been filed in this District Court?     (Yes or No)     No
    If yes: Judge _____     Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)     No
    If yes: Magistrate Case No. _____
    Related miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the District of _____

    Is this a potential death penalty case? (Yes or No)     No

7.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes _____  No ✓

8.  Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes _____  No ✓

_____
DWAYNE E. WILLIAMS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 125199

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **MARIO RENE DE LA TORRE**

**Case No**:

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:          Twenty (20) years' imprisonment

Counts #: 2-6

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:          Twenty (20) years' imprisonment as to each count

Counts #: 7-11

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:          Twenty (20) years' imprisonment as to each count

Count #: 12

Conspiracy to Commit Money Laundering Offenses

Title 18, United States Code, Section 1956(h)

**\* Max. Penalty**:          Twenty (20) years' imprisonment

Count #: 13

Money Laundering

Title 18, United States Code, Section 1957

**\* Max. Penalty**:          Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Count #: 14

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371

**\* Max. Penalty**:            Five (5) years' imprisonment

Count #: 15

Aiding and Abetting the Filing of a False Tax Return

Title 26, United States Code, Section 7206(2)

**\* Max. Penalty**:            Three (3) years' imprisonment

Count #: 16

Making and Subscribing a False Tax Return

Title 26, United States Code, Section 7206(1)

**\* Max. Penalty**:            Three (3) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **YUMET DE LA TORRE**

Case No: _____

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:            Twenty (20) years' imprisonment

Counts #: 2-6

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:            Twenty (20) years' imprisonment as to each count

Counts #: 7-11

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:            Twenty (20) years' imprisonment as to each count

Count #: 12

Conspiracy to Commit Money Laundering Offenses

Title 18, United States Code, Section 1956(h)

**\* Max. Penalty**:            Twenty (20) years' imprisonment

Count #: 14

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371

**\* Max. Penalty**:            Five (5) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Count #: 15

Aiding and Abetting the Filing of a False Tax Return

Title 26, United States Code, Section 7206(2)

**\* Max. Penalty**:          Three (3) years' imprisonment

Count #: 16

Making and Subscribing a False Tax Return

Title 26, United States Code, Section 7206(1)

**\* Max. Penalty**:          Three (3) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **JOE LEWIS MCHOMES**

**Case No**:

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:                Twenty (20) years' imprisonment

Counts #: 2-5

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:                Twenty (20) years' imprisonment as to each count

Counts #: 7-11

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:                Twenty (20) years' imprisonment as to each count

Count #: 12

Conspiracy to Commit Money Laundering Offenses

Title 18, United States Code, Section 1956(h)

**\* Max. Penalty**:                Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Mario Rene De La Torre, | ) | |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____
_Judge's printed name and title_

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Yumet De La Torre, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | Case No. |
| Joe Lewis McHomes, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*